This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39581**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**DALTON O.,**

Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey A. Shannon, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Kathryn J. Hardy Law, LLC
Kathryn J. Hardy
Taos, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the district court's order dismissing the petition against Dalton O. (Child), who was charged with criminal sexual penetration of a minor, contrary to NMSA 1978, Section 30-9-11(E)(1) (2009); and criminal sexual contact of a minor, contrary to NMSA 1978, Section 30-9-13(D)(1) (2003).[1] On appeal, the State argues that the district court abused its discretion in excluding witnesses, dismissing the

---

[1] Child was originally charged with an additional count of contributing to the delinquency of a minor, contrary to NMSA 1978, Section 30-6-3 (1990), but the charge was dismissed prior to the district court's order dismissing Child's charges of sexual penetration and criminal sexual contact.

petition with prejudice, and failing to consider lesser sanctions. For the reasons that follow, we reverse.

## BACKGROUND

**{2}** The State filed its petition against Child on October 16, 2020. The petition alleged, in part, that Child committed sex crimes against the victim, I.C., and that Child gave I.C. alcohol. Under Children's Court Rule 10-243(B) NMRA, the deadline for adjudication of the petition was February 13, 2021, and the adjudicatory hearing was scheduled for February 8, 2021. On October 28, 2020, the State filed notice that it intended to call I.C. as a witness but failed to provide I.C.'s address or other contact information. Rule 10-231(A)(5) NMRA requires, in part, that within ten days after the filing of the petition, the State must disclose the names and addresses of all witnesses it intends to call at the adjudicatory hearing. It was not until January 13, 2021, that the State provided I.C.'s contact information to Child's counsel. As clarified in the district court's order, the State's disclosure of I.C.'s contact information occurred "some 79 days after the petition was served and a mere 26 calendar days (16 work days) before the adjudicatory [hearing] was scheduled, a violation of [Rule] 10-231(A)." Further, it was not until January 22, 2021, when the State filed an amended notice of intent to call witnesses, that contact information for O.P., another juvenile witness, was disclosed. While Rule 10-231(D)(2) provides an exception to the requirements set forth in Rule 10-231(A)(5) when disclosure would subject a witness to "substantial risk," the State did not seek such an exemption for either I.C. or O.P.

**{3}** Child moved for the exclusion of I.C. as a witness, or, in the alternative, dismissal of the petition for failure to disclose material witnesses. The district court held a hearing on Child's motions on January 28, 2021. Following the hearing, the district court issued its order excluding both I.C. and O.P. from testifying and, "upon the representation of the [State] that [it] could not proceed to trial in this matter without the testimony of I.C.," dismissing the petition with prejudice. The State appeals.

## DISCUSSION

### I.   The District Court Abused Its Discretion by Failing to Consider Necessary Factors on the Record in Support of Its Order Excluding Witnesses and Dismissing the Petition With Prejudice

**{4}** The State contends that the district court abused its discretion in (1) excluding I.C. and O.P. as witnesses and dismissing the petition with prejudice and (2) failing to consider lesser sanctions. We review the district court's imposition of sanctions, including the exclusion of witnesses and dismissal with prejudice, for an abuse of discretion. *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484.

**{5}** In *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, our Supreme Court set out clear limitations on the scope of a district court's discretion when ordering the exclusion of witnesses or the dismissal of charges. The *Harper* Court

clarified that both the exclusion of witnesses and dismissal with prejudice are "severe sanction[s]" that "should not be imposed except in extreme cases[.]" *Id.* ¶ 21. Following *Harper*, our Supreme Court provided in *State v. Le Mier* that the district court "must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain [its] decision to exclude or not to exclude a witness within the framework articulated in *Harper*[.]" 2017-NMSC-017, ¶ 20, 394 P.3d 959. While *Le Mier* clarified that *Harper* does not stand for the proposition that "witness exclusion [or other severe sanctions are] justified only if all of the *Harper* considerations weigh in favor of exclusion[,]" *Le Mier* is unequivocal in its requirement that a district court consider the *Harper* factors on the record. *Le Mier*, 2017-NMSC-017, ¶ 20; *see also Lewis*, 2018-NMCA-019, ¶ 12 ("*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record.").

{6}    Here, the State argues that the district court's order excluding witnesses and dismissing the petition failed to fully consider the requirements set forth in *Harper*. Our review of the record confirms that the district court gave inadequate on-the-record consideration of the *Harper* factors. In its findings, the district court (1) referred to previous similar discovery violations by the State, (2) characterized the State's failure to comply with discovery procedures as "willful" and "unconscionable," and (3) stated that the delays in witness disclosure were "highly prejudicial" to Child. Although these findings could potentially satisfy the first and second *Harper* factors regarding the district court's consideration of culpability and prejudice, the record is devoid of any evidence that the district court considered lesser sanctions as required by the third *Harper* factor. While we will not generally "presume from the absence of stated findings" in a district court order that the court failed to apply a particular test or consider a specific set of factors when the order is otherwise supported by applicable precedent, *State v. Anderson*, 2021-NMCA-031, ¶¶ 33-36, 493 P.3d 434, our courts have made clear that the district court's mandatory, on-the-record consideration of the *Harper* factors is an exception to that general practice. *See Le Mier*, 2017-NMSC-017, ¶ 20; *Lewis*, 2018-NMCA-019, ¶ 12. We therefore hold that the district court abused its discretion in this case by failing to address on the record the *Harper* factors—particularly the third factor regarding lesser available sanctions—when excluding I.C. and O.P. as witnesses and dismissing the petition with prejudice.

{7}    To be clear, in so holding, we make no determination regarding whether the exclusion of witnesses and dismissal of the petition with prejudice were appropriate sanctions in this case. "Despite the broad discretion *Le Mier* provides district courts when imposing sanctions, we remind our district courts that any decision to impose severe sanctions requires an adequately developed record that an appellate court can substantively review." *Lewis*, 2018-NMCA-019, ¶ 16. Our holding today "does not preclude the possibility that the district court could have developed an adequate record finding the State culpable, perceiving sufficient prejudice to [Child] or the court, and determining that the discovery violation was sufficiently egregious to warrant a dismissal with prejudice [and witness exclusion] rather than [a] lesser sanction[.]" *Id.* "We are also

fully aware of our duty to view the evidence and all inferences in the light most favorable to the district court's decision but without an adequate record explaining the district court's ruling and reasoning, we cannot properly perform our role as an appellate court." *Id.* (citation omitted). Here, as in *Lewis*, "the district court simply failed to satisfy the requirement that it develop an adequate record and explain its reasons for imposing such a severe sanction over other available alternatives[,]" *id.*, and our holding is bound by precedent requiring such failures to be corrected.

**CONCLUSION**

**{8}** For the reasons stated above, we reverse the district court's order excluding witnesses and dismissing the petition with prejudice and remand for further proceedings consistent with this opinion, *Harper*, and *Le Mier*.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**